[Civ. No. 4241. Fourth Dist. July 16, 1951.]

H. LOUIS BODMER, Respondent, v. D. C. TURNAGE, Appellant.

Luce, Forward, Kunzel & Scripps for Appellant.

H. G. Sloane for Respondent.

BARNARD, P. J.—This is an appeal from a judgment awarding the plaintiff payment for his services as an architect.

In July, 1948, the defendant purchased certain lots in Borrego Valley, a desert resort development. He agreed to pay $39,000 for the lots, and to spend in improving the property $100,000 the first year, $50,000 the second year, and $50,000 the third year. On August 10, 1948, he entered into a written contract with the plaintiff. After reciting that the defendant intended to erect a resort at Borrego Springs consisting approximately of 30 housing units, a clubhouse, a café, a cocktail lounge, a swimming pool and roads and appurtenances, the contract provided that the plaintiff was to

prepare preliminary studies, working drawings and specifications, and furnish other specified services "for the above named work"; that the defendant would pay for these services 6 per cent of the cost of the work, one-fifth being payable upon completion of the preliminary studies and the balance as the work progressed; and that if any work designed by the plaintiff was abandoned or suspended he was to be paid for his services in that connection. During the next few months the plaintiff prepared and presented a total of five sets of preliminary studies and plans. In each instance except the last, the defendant suggested changes he desired and new plans were prepared accordingly. The fifth plan was approved by the defendant on or about January 7, 1949, and the plaintiff was told to proceed with the preparation of working drawings and specifications as rapidly as possible. Late in March, 1949, the plaintiff was told by a contractor on the job that the work was to be abandoned, and still later he was notified to this effect by the defendant.

The complaint in this action was in two counts, and sought recovery of $3,192 as the agreed price, and also as the reasonable value, of the services in connection with the preliminary studies and plans, and the further sum of $1,075.20 as the reasonable value of the work thereafter done in preparing working plans and specifications. The court found in all respects in favor of the plaintiff finding, among other things, that the contract above referred to had been executed; that the plaintiff had completed his work in connection with the preliminary studies and plans; that these plans were accepted by the defendant on or about January 7, 1949; that with the full knowledge and approval of the defendant the plaintiff had been engaged in the preparation of working drawings and specifications until notified that his services were no longer desired; and that the defendant had for personal reasons abandoned the project and indefinitely postponed the erection of such resort or any part thereof. It was further found that at the time the preliminary studies were completed the estimated cost of the work was· $236,000; that the reasonable value of the services performed by plaintiff up to that time is $2,832; and that the reasonable value of the services performed thereafter is $1,075. Judgment was entered for $3,-907, and this appeal followed.

It is first contended that the plaintiff is not entitled to recover the reasonable value of his services since recovery on *quantum meruit* is based upon a benefit received by the

other party. It is argued that the defendant received no benefit from the plaintiff's services since the plans prepared were not such as he could use. This argument is based upon the defendant's main defense throughout the trial. He contended there, and contends here, that he told the plaintiff before their contract was executed, and several times thereafter, that he could only spend some $50,000 or $60,000 in the erection of these buildings, and that he desired to erect only such part of them as could be erected within that figure. While the defendant so testified, the evidence is not only conflicting but is ample to support the court's findings. In addition to the contract, the evidence of the plans submitted, the changes requested and the many conferences and letters written, strongly support the conclusion that the plaintiff desired and ordered plans for the project as a whole. While he may have intended, at times, to erect a few buildings at first and to add more later, he kept the plaintiff working on plans for the overall project. In the meantime he was unsuccessful in his attempt to borrow money on the project, and in selling certain property, and he finally abandoned the project. He derived the benefit he had in mind, and the fact that he later decided not to use the plans he had ordered in no way indicates an absence of benefit, within the meaning of the *quantum meruit* rule.

It is next contended that the contract was too uncertain to be enforceable. It is argued that the work to be done by the architect was not sufficiently described, that there was no definite provision for the payment of architect's fees if the project was abandoned, and that the contract does not provide that the architect was to be paid for the reasonable value of his services. These contentions are without merit. Aside from other considerations the findings are sufficient to support the judgment, whether or not the contract was enforceable in itself.

It is further contended that there is an implied contract that plans must be satisfactory to the owner; that these plans were not approved by the defendant; that the plaintiff did not comply with the terms of the contract in preparing the plans since he well knew that the defendant had ordered and was trying to get plans for a set of buildings that could be erected for not more than $60,000; and that the defendant was justified in terminating the contract when he was unable to get plans for the erection of buildings which were within his means. These contentions are based upon certain conflicts

in the evidence, which·are not controlling.  The findings were not only supported by a preponderance of the evidence but they find considerable support in the defendant's own testimony.  The evidence leaves little doubt that he kept the plaintiff working for many months on plans for an elaborate scheme of building, and later found himself unable to go ahead with the project.

The judgment is affirmed.

Mussell, J., concurred.